**UNITED STATES, Appellee,**

v.

**Terry A. SMITH, Specialist Four, U. S. Army, Appellant.**

**No. 32,024.**
**SPCM 11752.**

U. S. Court of Military Appeals.

May 30, 1978.

Captain D. David Hostler argued the cause for Appellant, Accused. With him on the brief were Colonel Robert B. Clarke and Lieutenant Colonel John R. Thornock.

Captain Clement L. Hyland argued the cause for Appellee, United States. With him on the brief were Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Major Steven M. Werner, and Captain Gary F. Thorne.

Opinion of the Court

PERRY, Judge:

The appellant was convicted by a special court-martial as an accessory after the fact to the larceny [1] of a Central Jersey Bank and Trust Company personal money order, in violation of Article 78, Uniform Code of Military Justice, 10 U.S.C. § 878.[2] Thereupon, he was sentenced to a bad-conduct discharge, hard labor without confinement for one month, forfeiture of $100 pay per month for 2 months, and reduction to the lowest enlisted grade. The convening au-

---

1. Additionally, the appellant was charged with the larceny of the money order involved, but that charge was dismissed by the judge upon motion of the Government after the appellant's guilty plea to the charge had been accepted by the court.

2. The specification, to which the appellant pleaded guilty, alleged that the offense occurred "at Fort Monmouth," New Jersey.

However, the colloquy between the appellant and the military judge makes it clear that only the *agreement* to commit the offense occurred on the installation, while the offense itself was committed in a nearby civilian community. *See* footnote 3, *infra*. In light of our disposition, however, we need not resolve how this variance affects the providence of the plea.

thority approved both the findings and sentence, but he suspended the punitive discharge. After the United States Army Court of Military Review affirmed, this Court, upon petition by the appellant, returned the record to the Court of Military Review for disposition in accordance with the decisions of this Court in *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976), and *United States v. Hedlund*, 2 M.J. 11 (C.M.A. 1976). Subsequently, in an unpublished Memorandum Opinion on Further Review, the Court of Military Review reaffirmed the findings and sentence. We are again urged to find that the court-martial lacked jurisdiction over the offense of which the appellant was convicted, based on the principles stated in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) and *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). Since we so find, we now reverse and order the charge dismissed.

The appellant was approached in his company area on post by a friend, a fellow serviceman, about cashing the money order. The friend had discovered the money order in a wallet he had stolen from a locker in the post field house on the military installation. The friend revealed that earlier he and a third serviceperson had attempted to

negotiate the instrument, but had failed to do so. The friend promised the appellant one-half the amount of the money order for his efforts. The appellant agreed and, with his friend, drove off post[3] to a nearby civilian bank where he successfully cashed the money order, having first falsely endorsed it with the name of the payee. Upon these facts, the appellant was charged and convicted as an accessory after the fact[4] to the larceny of the money order.

The Court of Military Review found our decision in *United States v. Hedlund, supra* dispositive. In *Hedlund* we found service connection and accordingly sustained court-martial jurisdiction over the crime of conspiracy which arose from an agreement, made on post at the Marine Corps Supply Center, Barstow, California, between several persons, to go into town and rob someone for beer money. We observed that "[b]efore leaving the base, the appellant and his companions armed themselves with iron pipes and forks fashioned to fit around the fist . . ." *Id.* at 12. Thus, the crime of conspiracy, evidenced by the overt acts of equipping themselves with the means to carry out the object of the conspiracy, was formulated on post at the Marine Corps Supply Center. Jurisdiction over that offense was manifest since it occurred

---

**3.** The dissenting judge concludes that, at this precise point in the sequence of events, the appellant's "act of assisting" the thief "was then and there complete" *on* the installation. A critical reading of these facts, however, reveals that the only activities of the appellant on base were his *agreement* to cash the money order and his driving off post with his friend. Neither of these acts did anything in fact to hinder the thief being brought to the bar of justice. In fact, the specification itself alleges that the act of the appellant which purportedly operated "to hinder the apprehension" of his friend was his "indorsing and negotiating the object of the larceny in question, to wit: a Central Jersey Bank and Trust Company personal money order."

**4.** Article 78, Uniform Code of Military Justice, 10 U.S.C. § 878, defines an accessory after the fact to be:

[a]ny person subject to this chapter who, knowing that an offense punishable by this chapter has been committed, receives, com-

forts, or assists the offender in order to hinder or prevent his apprehension, trial, or punishment . . .

The military judge, during the providency inquiry into the appellant's tendered plea of guilty to this charge, had considerable difficulty concluding that the appellant acted even in part out of a concern for hindering the apprehension, trial, or punishment of the thief, as opposed to having been moved solely by a personal profit motive. The issue of the correctness of his determination that both concerns operated upon the appellant has not been joined in this Court by the parties. In light of our disposition, we need take no further steps on this matter, other than to wonder at the decision to charge the appellant as an accessory after the fact—a risky charge, to say the least, under these facts—instead of opting for a more logical one which not only would be more descriptive of the appellant's alleged wrongdoing, but also one whose service connection would be apparent.

on post. Article 81, UCMJ, 10 U.S.C. § 881; *United States v. Hedlund, supra.* However, we declined to find service connection and concomitant court-martial jurisdiction over the kidnapping and robbery offenses which were committed away from the military base since, in our view, the standard of *O'Callahan v. Parker, supra,* together with the criteria enunciated in *Relford v. Commandant, supra,* dictated the absence of court-martial jurisdiction. But in the instant case the accused was not charged with conspiracy. Instead, he was charged with the offense of being an accessory after the fact. It is not disputed that the acts of endorsing and negotiating the stolen money order occurred at the bank away from the military base. The agreement to negotiate the money order, not made the basis of a court-martial charge, occurred on the military base. Thus, the appellant knew that the money order had been stolen but did not report that fact to the authorities. However, his failure to report the offense does not constitute the crime of accessory after the fact. Indeed, the record reveals no act committed by the appellant on the military base at Fort Monmouth, New Jersey, in violation of Article 78, *supra.* Thus, *Hedlund* does not support a finding of court-martial jurisdiction in this case. Examination of the 12 *Relford* criteria,[5] as well as the 9 additional considerations discussed in that opinion,[6] causes the conclusion that the court-martial lacked subject-matter jurisdiction over the accessory-after-the-fact charge against the appellant.[7]

The decision of the United States Army Court of Military Review is reversed. The findings and the sentence are set aside and the charge is dismissed.

Chief Judge FLETCHER concurs.

COOK, Judge (dissenting):

An accessory after the fact is one "who, knowing that an offense punishable by [the Code] has been committed, receives, comforts, or assists the offender in order to hinder or prevent his apprehension, trial, or punishment." Article 78, Uniform Code of Military Justice, 10 U.S.C. § 878. I think the evidence supports an inference that the accused learned, while on post, that his friend had stolen a wallet containing a money order from a locker at the post field house. While still on post, he agreed to help the thief negotiate the money order, and to that end, left the post in his car with the friend and the money order. It seems to me that the act of assisting the thief to hinder his apprehension with the stolen property was then and there complete. Consequently, in my view, the act was committed on base and the exercise of court-martial jurisdiction was proper. In view of the comments contained in footnote 3 of the majority opinion, I reaffirm my conviction that jurisdiction predicated upon service connection with the offense does not depend upon whether all the elements of the offense were committed on base. The criteria for determining jurisdiction enumerated by the United States Supreme Court emphasizes that concept. *See Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) and my separate opinion in *United States v. McCarthy,* 2 M.J. 26, 29 (C.M.A.1976). I would affirm the decision of the United States Army Court of Military Review.

5. *Relford v. Commandant,* 401 U.S. 355, 363, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

6. *Id.* at 367–69, 91 S.Ct. 649.

7. The Government contends that jurisdiction should be found because
   [t]he entire criminal venture began with the on-post theft of a wallet and included approaching the appellant in his company area and proposing to share half the proceeds of a money order taken from the stolen wallet if the appellant would help in the cashing of said money order.
   However, in *United States v. Sims,* 2 M.J. 109 (C.M.A.1977), this Court rejected the " 'preponderant elements' of 'the total criminal enterprise' " formula for weighing subject-matter jurisdiction as being unacceptable under *Relford v. Commandant, supra.*